UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. MIRIAM JACOB, | |
|                  Plaintiff, | OPINION & ORDER |
| - against - | 02 Civ. 1398 (BSJ) (RLE) |
| BON SECOURS CHARITY HEALTH SYSTEM, INC., et al., | |
|                  Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Dr. Miriam Jacob brings this action against Bon Secours Charity Health System, Inc., Carol McCook, Dr. K. Singh, Dr. Silvia Purugganani, Dr. David Peter Birkett, Dr. Roger Harris, Barry Halpern, and Joyce Bondhurley (collectively, "Defendants") alleging negligence and civil rights violations. Before the Court are Defendants' applications for sanctions against Plaintiff for failing to abide by two discovery orders to serve her expert report by dates certain. For the following reasons, Defendants' applications for sanctions are **GRANTED,** in part, and **DENIED,** in part.

## II. BACKGROUND

According to her complaint, on or about August 28, 1999, Dr. Jacob was unlawfully committed to Good Samaritan Hospital for twelve days, during which time she allegedly made repeated unheeded requests to be permitted to have contact with and nurse her infant daughter. On or about September 8, 1999, Dr. Jacob was released from Good Samaritan Hospital by a court order.

Dr. Jacob commenced this action on February 22, 2002, and, for reasons that exercise the Court's patience, the claim has still not proceeded beyond the discovery stage. Plaintiff's tepid prosecution of the case has made a sport of the Court's discovery deadlines, which have been extended seven times since the original, April 15, 2004 discovery cuttoff lapsed. Currently at issue is Plaintiff's failure to comply with the Court's October 25, 2007 Order to serve her expert report by December 1, 2007, and the Court's January 11, 2008 Order extending that time to January 25, 2008. Plaintiff served her expert report in March 2008.

During a March 13, 2008 discovery conference, Dr. Jacob's counsel, Aaron Frishberg, represented that his expert, Dr. Peter Stastny, was unavailable to timely complete the report because of his travel schedule. Frishberg also explained that Dr. Stastny's need to meet with Dr. Jacob a second time before preparing the report also made it difficult to serve it on time. At the conference, Defendants moved to preclude Dr. Jacob from offering expert testimony at trial because the report was six weeks late. Frishberg was allowed to submit a justification for the delay. On March 17, 2008, Frishberg submitted a declaration from Dr. Stastny dated March 14, 2008, stating that, while he had interviewed Dr. Jacob five years prior, he did not believe that it would be sound practice to rely solely on the information gathered from her then. He also explained that he needed to wait until he had reviewed all depositions and relevant medical records before interviewing her again. Defendants argue that Dr. Stastny's declaration does not address the reasons for the delay, as it says nothing about having to go abroad, and does not address why he could not have conducted Dr. Jacob's second interview in time to meet the Court's deadlines. Indeed, while Dr. Stastny explains that he needed more information before conducting a second interview, as Defendants point out, all of the information necessary to

2

complete the report had become available by July 26, 2007. By then, the relevant medical records had been exchanged, and Dr. Jacob and Defendants had been deposed. Thus, Frishberg's submission does not satisfy the Court that the delay was justified.

### III. DISCUSSION

Without making reference to the rules of civil procedure, Defendants argue that, since Dr. Jacob has failed to justify her failure to timely comply with the Court's orders, she should be precluded from offering Dr. Stastny's testimony at trial, and, in turn, her complaint should be dismissed, as she will be unable to meet her burden and establish a prima facie case without it.

The Court has broad discretion to impose sanctions for discovery misconduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). Rule 37(c)(1) provides for the imposition of sanctions, including exclusion of evidence, upon "a party [that] fails to provide information . . . as required by Rule 26(a)." Before a court imposes sanctions pursuant to Rule 37, the non-disclosing party must have violated a court order to produce. *See Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1363 (2d Cir. 1991).

Frishberg failed to comply with the Court's October 25, 2007 and January 11, 2008 orders, and failed to offer adequate justification. While Rule 37(c)(1) establishes that a party that fails to provide information in accordance with the requirements of Rule 26(a) is not allowed to use that information to supply evidence at trial unless "the failure was substantially justified or is harmless," the Second Circuit has construed the preclusion requirement to be discretionary. *See Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir. 2006). These four factors inform the Court's determination: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice

3

suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.,* 118 F.3d 955, 961 (2d Cir. 1997) (*citing Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988)). The first factor weighs in favor of preclusion: Dr. Jacob has not offered a satisfactory explanation for her failure to comply with the Court's discovery orders. However, the remaining factors weigh against preclusion: Dr. Stastny's report is potentially crucial to the litigation; Defendants were not substantially prejudiced by receiving the report six weeks late; and having the expert testify would not necessitate a continuance since no trial date has been set and Defendants have ample time to investigate the witness. Therefore, the Court will not preclude Dr. Stastny's expert report.

The Court also declines to recommend dismissal of Dr. Jacob's claim. Dismissal "is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Shcherbakovskiy v. Da Capo Al Fine, Ltd,* 490 F.3d 130, 140 (2d Cir. 2007) (*quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)); *see also Litton Sys., Inc. v. American Tel. & Tel. Co.,* 700 F.2d 785, 828 (2d Cir. 1983) ("it is difficult to visit upon the client the sins of counsel, absent client's knowledge, condonation, compliance, or causation") (*quoting Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1069 (2d Cir. 1979)) (internal quotation marks omitted). In this case, sanctions short of dismissal are available. *See Cine Forty-Second St.,* 602 F.2d at 1066 (the "mildest [disciplinary measure available under Rule 37] is an order to reimburse the opposing party for expenses caused by the failure to cooperate."). Rule 37(b)(C) empowers the Court to require an attorney failing to obey an order to pay the reasonable expenses

caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust. Given Frishberg's disregard for his obligations to the Court and to Defendants, the Court finds that monetary sanctions in the form of reasonable attorney's fees are appropriate to compensate Defendants for the time and effort spent making their sanctions applications. In calculating Defendants' attorney's fees, the Court allocates two hours for each Defendant to account for the presentation at the March 13 conference and the subsequent submissions. The Court also finds that a reasonable rate for filing the applications is $250 per hour.

**IT IS THEREFORE ORDERED** that Frishberg is sanctioned in the amount of $500 payable to Gordon & Silber, P.C., $500 payable to Heindell, Pittoni, Murphy & Bach, LLP, and $500 payable to Callan, Koster, Brady & Brennan, LLP, for a total of $1500.

**SO ORDERED this 27th day of May 2008**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

5